USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/27/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEFAN LUMIERE,

        Petitioner,

-against-

UNITED STATES,

        Respondent.

18-CV-9170 (JSR) (BCM)

16-CR-483 (JSR)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

*Pro se* petitioner Stefan Lumiere's reply papers in further support of his motion to vacate, set aside, or correct his sentence were due on November 12, 2019. (Dkt. No. 41.) Petitioner missed that deadline. Six days later, on November 18, 2019, petitioner filed a variety of documents under the caption "Petitioner's Surreply to Government's Opposition to Motion for Relief under 28 U.S.C. § 2255." (Dkt. No. 43.) Two days after that, petitioner submitted a letter acknowledging that his reply papers had been filed "completely out of order and in a confusing disarray." Pet. Letter dated Nov. 20, 2019 (Dkt. No. 46), at 1. Petitioner attributed this error to the Pro Se Intake Unit and sought leave to refile his papers "in the proper and intended form." *Id*.

Without waiting for leave to be granted, petitioner refiled his reply papers – in better order – on November 22, 2019, including a memorandum of law (Dkt. No. 47), petitioner's own affidavit (Dkt. No. 50), a 319-page reply appendix (Dkt. Nos. 51-53), and the affidavits of nine non-parties: Alexandra Gottlieb (petitioner's sister), David Tawil (an expert witness retained to testified at petitioner's trial), Lawrence S. Moy (an employment lawyer), Steven D. Pohl (a bankruptcy lawyer), Mark Gottlieb (an "authorized signatory" for VA management, LP, formerly known as Visium Asset Management, LP), Robert Leonard, Ph.D. (a linguistics professor), Dennis Wurst (who describes himself as "embedded in high yield, distressed, and workout scenarios up and down the capital structure"), another relative of petitioner (the Relative) (discussed in more detail below),

and Curt Baggett (an "expert document examiner"). (Dkt. No. 49.) Petitioner then refiled the non-party affidavits – again – on November 26, 2019 (Dkt. Nos. 54-55), followed by a "Request and [Proposed] Order to Strike Document from the Record" (Dkt. No. 56), in which he described Dkt. No. 49 as a "deficient" entry and asked that it be stricken and replaced with the "corrected" affidavits at Dkt. Nos. 54-55.

All of plaintiff's reply papers were filed unredacted on the public docket except for the affidavit of the Relative, which recounts certain efforts that the Relative made to assist petitioner and his various attorneys during the preparation of petitioner's post-trial motions, direct appeal, and § 2255 petition. Before filing that affidavit, petitioner obscured the name of the Relative, the Relative's precise relationship to petitioner, and an appendix listing potential witnesses that the Relative contacted or attempted to contact to solicit affidavits on behalf of petitioner. (*See* Dkt. No. 43, at ECF pages 75-86; Dkt. No. 49-2, at ECF pages 5-15; Dkt. No. 54, at ECF pages 69-80.)

By letter dated November 14 and filed November 18, 2019 (Dkt. No. 42), petitioner requested a "protective order" with respect to the Relative's affidavit. I denied that application without prejudice to petitioner's right to move for a sealing order pursuant to *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110 (2d Cir. 2006). (Dkt. No. 45.) Petitioner and his Relative made that motion in a jointly-signed letter dated November 22, 2019,[1] in which they argue that the Relative's name should be kept confidential to prevent further adverse career impact to the Relative stemming from petitioner's "very public trial and conviction in a similar industry" and from the fact that petitioner and the Relative have the same last name. In addition, they seek to keep the list

---

[1] The November 22 letter was hand-delivered to the Courthouse that day, along with an unredacted version of the Relative's affidavit. The letter is "cc'd" to respondent's counsel but was not placed on the Court's public docket because it reveals the Relative's name and relationship to petitioner.

of potential witnesses under seal because disclosure might allow a reader to deduce the Relative's identity and/or "alienate these witnesses or others."

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). Petitioner and his Relative have not met that burden. Their general reluctance to have the Relative's role in this case exposed to public view – for fear of professional embarrassment – is not sufficient to overcome the strong presumption of public access to judicial documents articulated in *Lugosch*, 435 F.3d at 119-21. It is well-settled that neither "[g]eneralized concern[s] of adverse publicity" nor the "possibility of future adverse impact on . . . employment" outweigh that presumption. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018) (citations omitted) (collecting cases and denying application of high-profile TV host to seal confidential settlement agreements previously entered into concerning "embarrassing conduct"). Moreover, the Court is not persuaded that the proposed redactions would effectively conceal the Relative's identity, given that the name of the Relative has already appeared elsewhere on the public docket in this action and the redacted affidavit – as publicly filed – describes the Relative's recent employment history in detail. *See* Relative Aff. ¶¶ 30-34.

Similarly, petitioner's fear that disclosure of the appendix listing potential witnesses could "alienate" the witnesses – and thereby disadvantage him – does not come close to justifying a sealing order. No litigant is entitled to such an order merely in order to improve the disposition of non-parties who – to the extent the Relative communicated with them at all – have already stated that "they would not be willing or [ ] able to provide an affidavit." Relative Aff. ¶ 28. Moreover, the redacted appendix does not contain any actual witness names. It lists the individuals whom the Relative contacted (or attempted to contact) as "Witness 1," "Witness 2," and so on, and describes

each of them only as a "Person with Knowledge of" one or more of the companies or deals at issue in petitioner's criminal case.

For these reasons, petitioner's letter-application to file the unredacted version of the Relative's affidavit under seal is DENIED. If petitioner wishes the Court to consider that affidavit in connection with his § 2255 motion he must re-file it, unredacted, on or before **December 4, 2019**. Should that deadline pass, the Court will strike all previously-filed versions of the affidavit from the record.

Except as so limited, petitioner's November 20, 2019 letter-application, seeking leave to refile his reply papers "in the proper and intended form," is DENIED AS MOOT, as is his November 26, 2019 request to strike the "deficient" version of the non-party affidavits from the record and substitute the "corrected" versions now appearing at Dkt. Nos. 54-55.

The Clerk of Court is respectively directed to close the applications at Dkt. Nos. 46 and 56.

Dated: New York, New York
       November 27, 2019

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**